IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**FRED L. JOHNSON,**

    Petitioner,

v.                                                                           Civil Action No. **3:19CV722**

**VIRGINIA CENTER FOR
BEHAVIORAL REHABILITATION,**

    Respondent.

**MEMORANDUM OPINION**

Fred L. Johnson, a Virginia state detainee proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") (ECF No. 3), challenging his civil commitment and subsequent recommitment in the Circuit Court for Richmond, Virginia (the "Circuit Court"). Respondent[1] has moved to dismiss on the grounds that, *inter alia*, Johnson's claims are, in part, not properly exhausted, and do not raise federal issues that are cognizable in the context of a § 2254 motion. (ECF No. 13; ECF No. 15, at 3–9.)[2] Despite the provision of

---

[1] The Court notes that Johnson named the Virginia Center for Behavior Rehabilitation (the "VCBR") as the sole Respondent in this matter. (ECF No. 3, at 1.) Johnson was required to name the "state officer who has custody" of him as the respondent in the action. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody"). The VCBR is not the "state officer who has custody" of Johnson. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) ("[S]tate officer having custody may be either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." (internal quotation marks omitted) (citation omitted)). The Virginia Office of the Attorney General has informed the Court that the proper party to be named Respondent in this instance is Jason Wilson, the Facility Director at the VCBR. (ECF No. 15, at 1 n.1). Accordingly, the Clerk will be DIRECTED to SUBSTITUTE Jason Wilson as the Respondent and TERMINATE the VCBR from this action.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, spacing, capitalization, and punctuation in the quotations from Johnson's submissions.

*Roseboro*[3] notice (ECF No. 16), Johnson has failed to respond. For the reasons stated below, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED.

## I. PROCEDURAL HISTORY

On August 15, 2006, the Circuit Court found Johnson guilty of rape. (ECF No. 15–2, at 2.) On January 6, 2017, prior to Johnson's release from incarceration, the Commonwealth of Virginia filed a petition to civilly commit Johnson as a sexually violent predator pursuant to Section 37.2–900, *et seq.*, of the Code of Virginia. (*Id.* at 1–6.)

On April 24, 2017, the Court conducted a probable cause hearing.[4] (CCR at 60.) The Commonwealth called Dr. Mark Hastings to testify. (*Id.* at 63–119.) Dr. Hastings testified that Johnson had been diagnosed with, among other things, antisocial personality disorder and Johnson had "difficulty with impulsivity . . . regulating his anger . . . and his sexual impulses . . . ." (*Id.* at 71, 75.) Following the hearing, the Circuit Court concluded that there was probable cause to believe that Johnson was a sexually violent predator and set the matter for trial. (*Id.* at 130.)

On November 30, 2017, following a trial on the issue, the Circuit Court found that Johnson was a sexually violent predator. (ECF No. 15–3, at 1.) The Court continued the case so that a report could be prepared suggesting possible alternatives to full commitment. (*Id.*)

On April 18, 2018, Johnson appeared in the Circuit Court for a dispositional hearing. (*Id.*) The Commonwealth called Dr. Mark Hastings to testify again. (CCR at 264–99.) After hearing arguments from counsel, the Circuit Court found that Johnson had a mental abnormality that made it "difficult [for Johnson] to control his predatory behavior, which makes him likely to engage in

---

[3] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[4] The Circuit Court provided a paginated record for *Commonwealth v. Johnson*, No. 17000079–00. The Court will adopt the pagination from the Circuit Court Record. References thereto will be denoted by "CCR."

sexually violent acts." (ECF No. 15–3, at 2.) "[D]ue to the severity of [Johnson's] conditions and risk of reoffense," the Circuit Court found that there was "no suitable less restrictive alternative to involuntary secure inpatient treatment and hospitalization." (*Id.*) The Circuit Court committed Johnson to the custody of the Department of Health and Developmental Services (the "DBHDS") by order issued on April 18, 2018 (the "Commitment Order"). (*Id.*)

Johnson appealed the Circuit Court Commitment Order to the Supreme Court of Virginia.[5] (VSCR, at 1.) On appeal, Johnson, through counsel, raised four assignments of error:

| | |
|---|---|
| Assignment of Error One: | "The trial court erred by refusing to sustain Johnson's objection to the qualification of Dr. Hastings as an expert in the treatment of sex offenders where the Commonwealth presented an inadequate foundation to qualify Dr. Hastings to render an opinion on that subject at Johnson's trial and disposition hearings." (*Id.* at 6.) |
| Assignment of Error Two: | "The trial court erred by refusing to strike the expert testimony of Dr. Hastings where the testimony was not based upon an adequate foundation, and was speculative." (*Id.*) |
| Assignment of Error Three: | "The trial court erred by finding that Johnson was a violent sexual predator where the Commonwealth's evidence failed to prove that by clear and convincing evidence that Johnson met the definition of a violent sexual predator as required by the Sexually Violent Predator Act." (*Id.*) |
| Assignment of Error Four: | "The trial court erred by ordering Johnson to be committed for involuntary secure inpatient treatment and hospitalization." (*Id.* at 6–7.) |

On October 29, 2018, the Supreme Court of Virginia, finding no reversible error, refused Johnson's petition for appeal. (*Id.* at 61.)

On July 22, 2019, the Circuit Court conducted an annual review of Johnson's civil commitment. (ECF No. 15–1, at 1.) At that hearing, the Circuit Court received evidence, including

---

[5] The Supreme Court of Virginia provided a paginated record for *Johnson v. Commonwealth*, No. 180926. The Court will adopt the pagination from the Virginia Supreme Court Record. References thereto will be denoted by "VSCR."

3

reports from Dr. Mario J. P. Dennis and Dr. Craig S. King, which it expressly considered. (*Id.*) After hearing the arguments of counsel, the Circuit Court found that "the Commonwealth ha[d] proven by clear and convincing evidence that [Johnson's] mental abnormalities and/or personality disorder have not so changed that he no longer presents an undue risk to public safety, and he thus remains a sexually violent predator" and that there was "still no suitable less restrictive alternative to involuntary secure inpatient treatment." (*Id.*) On July 22, 2019, the Circuit Court issued an order that Johnson be recommitted to the DBHDS (the "Recommitment Order"). (*Id.* at 2.)

Johnson did not appeal the Circuit Court's Recommitment Order. (ECF No. 15, at 2; *see also id.*, n.2 (explaining that as a consequence of Johnson's decision not to appeal, "no transcript exist[s] for the July 22, 2019 annual review period").) Rather, on October 30, 2019, Johnson filed the § 2254 Petition presently before the Court. (ECF No. 3, at 15.)

In his § 2254 Petition, Johnson raises four issues:

Claim One: "The trial court erred by refusing to sustain Johnson's objection to the qualification of Dr. Hastings as an expert in the treatment of sex offenders." (*Id.* at 5.)

Claim Two: "M.J.P. Dennis, Ph.D. use and suppress documentation to commit and script Johnson of his rights, freedom, and due process." (*Id.* at 7.)

Claim Three: "Dr. Craig S. King did an inequitable decision by using hearsay evidence of argumentative denial." (*Id.* at 8.)

Claim Four: "The trial court erred to make a decision based on his authority but decided to use Dr. Hastings['] opinion."[6] (*Id.* at 10.)

As discussed below, Claims One, Three, and Four are not cognizable on federal habeas review, and Claim Two was not raised in the state courts and is barred from review here.

---

[6] Johnson's Petition lacks clarity and at times is difficult to decipher. Johnson appears to challenge aspects of both the Commitment Order and the Recommitment Order; his failure to clearly articulate his position, however, makes the evaluation of his Claims more difficult than necessary. As best the Court can discern, Claims One and Four challenge the Commitment Order, and Claims Two and Three challenge the Recommitment Order. Going forward, the Court will construe Johnson's claims in this manner.

4

## II. CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

Respondent argues that Johnson has failed to raise a question of federal law that is cognizable on habeas review because all four of his claims focus "solely [on] matter[s] of state law evidentiary issues." (ECF No. 15, at 8–9.) A review of Johnson's § 2254 Petition and the record indicates that Respondent is correct, at least with regard to Claims One, Three, and Four.

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Matters of State law not involving federal constitutional issues," however, "are not appropriate grounds for federal habeas corpus relief." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978). The Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68 (citations omitted).

In Claim One, Johnson alleges the Circuit Court erred when it refused to sustain his objections to Dr. Hastings' qualifications as an expert witness. In Claim Three, Johnson claims that Dr. King erred by "using hearsay evidence" in his expert opinion. In Claim Four, Johnson alleges that the Circuit Court erred in considering Dr. Hasting's testimony and/or report. In each instance, Johnson asks this Court to review and second-guess the Circuit Court's application of the Virginia Rules of Evidence, which is inherently a state-law issue. The Constitution "does not permit the federal courts to engage in finely tuned review of the wisdom of state evidentiary rules." *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983).

Johnson does not allege a specific "violation of the Constitution or the laws or treaties of the United States," in any of these three claims, nor can the Court discern any such violation from

the record before it. Accordingly, Claims One, Three, and Four will be DISMISSED for failure to state a claim cognizable on federal habeas corpus review.[7]

In Claim Two, however, which undeniably is difficult to decipher, Johnson arguably alleges that Dr. Dennis violated his due process rights. Affording Johnson the benefit of liberal construction, the Court will construe Claim Two as raising a constitutional claim cognizable on federal habeas review. Nevertheless, as discussed below, Claim Two was not properly exhausted and is consequently barred from review here.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92, 492 n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838,

---

[7] Respondent has also moved to dismiss Claims One and Four on the grounds that they are moot. Johnson must show that he is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Respondent argues that because Johnson is currently held on the Recommitment Order, and not on the Commitment Order being challenged by Claims One and Four, those Claims have been rendered moot. Only Claims Two and Three, they argue, which challenge the Recommitment Order presently holding Johnson should be considered. Given the disposition of Claims One and Four stated above, the Court need not address this argument.

844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[8]

The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Once such a showing has been made, this Court cannot review the merits of a defaulted claim absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

To exhaust his claims, Johnson was required to properly present them to the Supreme Court of Virginia prior to filing his § 2254 Petition. Johnson concedes that he never presented Claim Two to the Supreme Court of Virginia in the form of a direct appeal, state habeas petition, or other post-adjudication challenge prior to filing the present § 2254 Petition.[9] (ECF No. 3, at 7.) Consequently, the Supreme Court of Virginia was denied a fair and meaningful "opportunity" to address this claim, which Johnson currently seeks to advance. *Baldwin*, 541 U.S. at 29.

If Johnson now attempted to present Claim Two in a state habeas petition, it would be barred, *inter alia*, pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Johnson could have raised, but failed to raise, this issue on direct appeal. *Slayton* constitutes an adequate and independent procedural rule when so applied. *See Clagett v. Angelone*,

---

[8] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[9] Johnson has also conceded that he did not present Claims Three and Four to the Supreme Court of Virginia. (ECF No. 3, at 9, 10.) Given that these claims have already been dismissed, the Court need not address Johnson's failure to exhaust them.

209 F.3d 370, 379 (4th Cir. 2000); *Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Accordingly, Claim Two is procedurally defaulted.

Thus, the question becomes whether Johnson has shown "cause for the default and actual prejudice," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262. This Court may not consider Johnson's claim if he fails to make such a showing.

Johnson did not respond to the Motion to Dismiss; thus, he fails to address his default. In his § 2254 Petition, however, at most, Johnson states that he did not appeal Claim Two because his attorney "felt like it was not appropriate to raise it at this time." (ECF No. 3, at 7.) Johnson does not specifically claim that his attorney was constitutionally deficient, or even that the attorney erred in concluding that it was "not appropriate" to raise Claim Two on appeal, and the Court can discern no facts in the record that would support such a conclusion. "Counsel is not obligated to assert all nonfrivolous issues on appeal." *Jarvis v. Bell*, 236 F.3d 149, 164 (4th Cir. 2000).

Given Johnson's failure to establish cause and prejudice, or that a fundamental miscarriage of justice would occur if this Court declined to consider his procedurally defaulted claims, Johnson's Claim Two will be DISMISSED.[10]

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED. Johnson's § 2254 Petition (ECF No. 3) will be DENIED. The action will be DISMISSED.

---

[10] In the alternative, as Respondent correctly notes (*see* ECF No. 15, at 8 n.5), Johnson's due process claim is unsupported and conclusory and fails to demonstrate that he is entitled to federal habeas relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (habeas relief denied where petitioner "stated only bald legal conclusions with no supporting factual allegations").

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & 4 (1983)). Johnson fails to meet this standard. A certificate of appealability will be DENIED.

An appropriate order shall issue.

It is so ORDERED.

Date: September 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge